UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-05302-MWF (PDx)          **Date:** July 31, 2025

**Title:** Shareef Abdou v. Safeco Insurance Company of America et al

| | |
|---|---|
| **Present:** | The Honorable MICHAEL W. FITZGERALD, U.S. District Judge |

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Amy Diaz |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFFS' MOTION TO REMAND [12]

Before the Court is Plaintiff Shareef Abdou's Motion to Remand (the "Motion"), filed on July 7, 2025. (Docket No. 12). Defendant Safeco Insurance Company of America ("Defendant" or "Safeco") filed an Opposition on July 14, 2025. (Docket No. 13). Plaintiff filed a Reply on July 20, 2025. (Docket No. 15).

The Motion was noticed to be heard on **August 4**, **2025**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED.** Defendant's removal was timely because removability was not ascertainable from the face of the Complaint.

**I.   BACKGROUND**

On March 12, 2025, Plaintiff commenced this action in Los Angeles County Superior Court. (*See generally* Docket No. 12-2 ("Complaint")). The Complaint alleged that his home "sustained damage as a result of sudden and accidental peril"; the loss was covered under an insurance policy issued by Safeco; and Safeco failed to provide full coverage for the claim. (*Id.* ¶¶ 7–12).

On April 2, 2025, Safeco's counsel sent an e-mail to Plaintiff's counsel indicating his intent to file a demurrer. (Declaration of Richard E. Wirick (Docket No.

---
**CIVIL MINUTES—GENERAL**          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 25-05302-MWF (PDx) | Date:  July 31, 2025 |

Title: Shareef Abdou v. Safeco Insurance Company of America et al

13-1) ("Wirick Decl."), Ex. A ("April 2 Letter").  The April 2 Letter informed Plaintiff that the factual allegations in the Complaint were sparse and contained "no descriptions of what constituted the loss", "no descriptions of the allegedly damaged property [his] client was making a claim for", and no "explanation of the part of the property that was allegedly damaged. . ."  (*Id.* at 5).

On April 4, 2024, Plaintiff's counsel responded to the April 2 Letter and explained that, despite his belief that the Complaint was sufficient, he would "go through the Complaint and see where [he could] add more detail[.]"  (Wirick Decl., Ex. B).

On May 14, 2025, Plaintiff filed the First Amended Complaint ("FAC").  (*See generally* Docket No. 1-1 ("FAC")).  The FAC contains additional detail regarding the alleged loss, including but not limited to, the fact that the loss occurred as a result of "a sump pump designed to pump water from the front exterior of the Home fail[ing] to properly operate during and following a storm[.]"  (*Id.* ¶ 8).  The FAC also alleged that Safeco issued a payment in the amount of $18,848.26 after applying the policy's deductible.  (*Id.* ¶ 11).

In the FAC, Plaintiff brings two causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing.  (*Id.* ¶¶ 17–40).

Safeco removed this action on June 11, 2025, based on this Court's diversity jurisdiction.  (*See generally* Notice of Removal ("NOR") (Docket No. 1) at 1).

## II.  LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-05302-MWF (PDx) | Date: July 31, 2025 |
| Title: Shareef Abdou v. Safeco Insurance Company of America et al | |

resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

## III.   DISCUSSION

Neither party disputes diversity of citizenship or the jurisdictional amount. Therefore, the only issue is the timeliness of the removal. Plaintiff argues that Safeco's Notice of Removal is untimely because removability was ascertainable from the face of the original Complaint, which was served on March 12, 2025. (Motion at 3). Safeco disputes this point and contends that removal was timely because the 30-day removal window did not begin to run until Plaintiff filed his FAC on May 14, 2025. (Opposition at 2).

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694. The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021). In adopting the "unequivocally clear and certain" standard, the Ninth Circuit sought to, among other things, "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]" *Id.* at 1094.

Under § 1446(b)(3),

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-05302-MWF (PDx)            **Date:** July 31, 2025

**Title:** Shareef Abdou v. Safeco Insurance Company of America et al

"if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3). Although the time limit is procedural rather than jurisdictional, it "is mandatory and a timely objection to a late petition will defeat removal[.]" *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

Plaintiff argues that removability was ascertainable from the face of the Complaint because Safeco "was well aware of its own payments and Plaintiff's damage claim well before litigation commenced. It had all the necessary information to reasonably evaluate the jurisdictional amount." (Reply ay 2). In other words, Plaintiff argues that Defendant should have reviewed "the claims file, inspection records, engineering reports" it had within its possession to determine the amount in controversy. (*Id.* at 3).

Plaintiff's argument is plainly foreclosed by Ninth Circuit caselaw. For example, in *Harris*, the plaintiffs argued that the defendant "should have looked in its files within the first thirty days" to discover that a named defendant whose presence in the suit frustrated complete diversity of citizenship had died and therefore should have recognized that the case was immediately removable. *Harris,* 425 F.3d at 696. "Preferring a clear rule, and unwilling to embroil the courts in inquires 'into the subjective knowledge of [a] defendant,' [the Ninth Circuit] declined to hold that materials outside the complaint start the thirty-day clock." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (quoting *Harris*, 425 F.3d at 695).

The Ninth Circuit reiterated this principle in *Kuxhausen*, in which it held that, while a defendant has a duty to apply a reasonable amount of intelligence in ascertaining removability—such as by multiplying numerical figures in a complaint— "defendants need not make extrapolations or engage in guesswork[.]" 707 F.3d at 1140.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-05302-MWF (PDx)           **Date:** July 31, 2025

**Title:** Shareef Abdou v. Safeco Insurance Company of America et al

    This principle helps avoid a "Catch–22" for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. That is only fair after all, because . . . "the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate."

*Id.* at 1141 (citation omitted).

    Here, the original Complaint failed to include any allegations about what constituted the loss, how the property was damaged, or even what area(s) of the property sustained the loss. As Safeco aptly put it, the sustained damage could have been "anything from a shifting foundation to a meteor hitting the earth." (Opposition at 8). Although Plaintiff included the relevant claim number in the Complaint, the Ninth Circuit has made clear that Safeco was under no obligation to look beyond the four corners of the Complaint to ascertain removability. *See Harris,* 425 F.3d at 696.

    Accordingly, the Motion is **DENIED.** The Court will review the parties' joint Rule 26(f) Report and issue pretrial and trial dates by separate order.

    IT IS SO ORDERED.